BRYAN SCHWARTZ LAW
Bryan J. Schwartz (SBN 209903)
Email: bryan@bryanschwartzlaw.com
Rachel M. Terp (SBN 290666)
Email: rachel@bryanschwartzlaw.com
DeCarol A. Davis (SBN 316849)
Email: decarol@bryanschwartzlaw.com
1330 Broadway, Suite 1630
Oakland, California 94612
Tel: (510) 444-9300
Fax: (510) 444-9301

DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Email: aashish@desai-law.com
Adrianne De Castro, Esq. (SBN 238930)
Email: adrianne@desai-law.com
3200 Bristol St., Suite 650
Costa Mesa, CA 92626
Telephone:  (949) 614-5830
Facsimile:   (949) 271-4190

*Attorneys for Plaintiff and the Putative
Class and Collective*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MORET, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. BANCORP, U.S. BANK, N.A., AND RED SKY RISK SERVICES, LLC, and DOES 1-10, inclusive<br><br>Defendants. | Case No.: _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**<br><br>1. **Failure to Pay Overtime Compensation, FLSA, 29 U.S.C. § 201,** *et seq.*<br><br>2. **Failure to Pay Overtime Compensation, Cal. Lab. Code** |

§§ 510, 1194, and 1198, and IWC Wage Order No. 4

3. **Failure to Provide Itemized Wage Statements, Cal. Lab. Code § 226**

4. **Failure to Provide, Authorize, or Permit Meal and Rest Periods, Cal. Lab. Code §§ 226.7, 512, and IWC Wage Order No. 4**

5. **Failure to Compensate for All Hours Worked, Cal. Lab. Code § 223 and IWC Wage Order No. 4**

6. **Waiting Time Penalties, Cal. Lab. Code § 203**

7. **Violation of Cal. Business and Professions Code § 17200, *et seq.***

CLASS AND COLLECTIVE ACTION COMPLAINT

# I.   PRELIMINARY STATEMENT

1.   This is a collective and class action brought by individual and representative Plaintiff Pedro Moret on behalf of himself and the proposed FLSA Collective and California Class identified below. Defendant U.S. Bancorp, Defendant U.S. Bank National Association ("U.S. Bank"), and Defendant Red Sky Risk Services, LLC ("Red Sky") (collectively, "Defendants"), employed Plaintiff and the putative class and collective action members as Residential Appraisers and other similar positions (collectively, "Appraisers") and Review Appraisers and other similar positions (collectively, "Review Appraisers").

2.   As Appraisers and Review Appraisers, Plaintiff and the putative class members were non-exempt employees under federal and state wage and hour laws, and should have been classified as such and received overtime pay consistent with the requirements of these laws. However, prior to 2015, Defendants classified Appraisers and Review Appraisers as exempt and paid them no overtime compensation or meal and rest period premiums, despite them working many overtime hours and being denied many meal and rest breaks. After reclassifying Appraisers as non-exempt in or around January 2015 and reclassifying Review Appraisers as non-exempt, on information and belief, Defendants continued to underpay Appraisers and Review Appraisers for overtime worked and for missed meal and rest periods. These employees are similarly situated under Federal Rule of Civil Procedure ("FRCP") 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3.   The FLSA Collective is comprised of all persons Defendants employed as Appraisers and Review Appraisers in the United States within three years prior to this action's filing date through the date of this action's final disposition (the "FLSA Collective Period").

4.   The California Class is comprised of all persons Defendants employed as Appraisers and Review Appraisers in the State of California within four years prior to this

CLASS AND COLLECTIVE ACTION COMPLAINT

action's filing date through the date of this action's final disposition (the "California Class Period").

5.      The California Waiting Time Penalties Subclass is comprised of all California Class members whom Defendants no longer employ and have not employed for more than seventy-two hours through the date of this action's final disposition.

6.      The California Itemized Wage Statement Subclass is comprised of all California Class members whom Defendants currently employ or did employ at some point within the year preceding the date of this action's final disposition.

7.      The BPC 17200 Exemption Challenge Subclass is comprised of all California Class members who were classified as exempt, for the period during which they were classified as exempt (upon information and belief, largely Appraisers and Review Appraisers employed in California up to 2015).

8.      During the FLSA Collective Period and California Class Period, Defendants did not pay appropriate overtime compensation to each member of the FLSA Collective and California Class as required by federal and state law. Plaintiff seeks relief for the California Class under applicable state law, rules, regulations, and Wage Orders of the Industrial Welfare Commission ("IWC"). The putative FLSA Collective and California Class seek relief to remedy Defendants' failure to: pay appropriate overtime compensation, provide lawful itemized wage statements, provide or authorize or permit meal and rest periods, compensate all hours worked, pay waiting time penalties, and maintain accurate time records, in addition to restitutionary and injunctive relief. The putative FLSA Collective and California Class also seek attorneys fees and costs.

## II.   THE PARTIES

9.      Individual and representative Plaintiff Pedro Moret resides in Riverside County, California. U.S. Bank hired him as a Staff Appraiser on or around 2010. He was affiliated with U.S. Bank's Riverside office and worked in Orange, Riverside, and San Diego Counties while employed by Defendants. Defendants terminated him on or about

December 15, 2017. Plaintiff Moret brings his claim on behalf of himself and the FLSA Collective and California Class. A written consent form for Plaintiff Moret is attached as Exhibit A.

10.    Upon information and belief, Defendant U.S. Bancorp is a Delaware corporation headquartered in Minneapolis, Minnesota that does business in and maintains offices in many states throughout the United States, including California.

11.    Upon information and belief, Defendant U.S. Bank is a Delaware corporation headquartered in St. Paul, Minnesota that does business in and maintains offices in many states throughout the United States, including California. On information and belief, Defendant U.S. Bank is a subsidiary of Defendant U.S. Bancorp. U.S. Bank is the employer name that appears on Plaintiff Moret's offer letter and other employment documentation.

12.    Upon information and belief, Defendant Red Sky Risk Services, LLC is a Delaware corporation headquartered in Minneapolis, Minnesota that does business in and maintains offices in many states throughout the United States, including California. On information and belief, Defendant Red Sky is a subsidiary of Defendant U.S. Bank. Red Sky is a valuation services company. The primary business of Red Sky is to deliver timely and error-free appraisal products and Appraisers and Review Appraisers produce this product.

13.    Defendants Does 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed, believes, and thereon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the putative class and collective action members herein alleged were proximately caused by such Defendants.

14.    Plaintiff is informed, believes, and thereon alleges that each of the Defendants in this Complaint was at all times relevant to this action the agent, employee, representative

CLASS AND COLLECTIVE ACTION COMPLAINT

partner, or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff is further informed, believes, and thereon alleges that each Defendant gave consent to, ratified, and authorized the acts alleged in this Complaint to the other Defendants.

### III.    JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff brings this case under the FLSA, 29 U.S.C. § 201, *et seq.* The representative Plaintiff signed a consent form to join this lawsuit, attached as Exhibit A. This Court has original jurisdiction over all state and federal claims in this Complaint under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because, upon information and belief, the amount in controversy exceeds $5,000,000 and the parties are citizens of diverse jurisdictions. This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

16.    Venue is proper in the Southern Division of the United States District Court for the Central District of California under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims set forth in this Complaint occurred in Orange County.

### IV.    COLLECTIVE ACTION ALLEGATIONS

17.    Plaintiff brings this action on behalf of himself and other employees similarly situated under the FLSA, 29 U.S.C. § 201, *et seq.* The similarly situated employees are:

**FLSA Collective:** All persons whom Defendants employed as Appraisers, including employees with the job title "Residential Appraiser," and other employees performing the same or similar duties for Defendants, and all persons employed as "Review Appraisers," and other employees performing the same or similar duties for Defendants, within the United States at any time from three years prior to this Complaint's filing to the case's final disposition of this case.

CLASS AND COLLECTIVE ACTION COMPLAINT

18.     Plaintiff and the California Class and FLSA Collective members are[1] residential real estate appraisers employed by Defendants.

19.     The primary duties of Plaintiff and putative class and collective action members consist of routine mental work, dictated by guidelines which are enforced by Defendants. In essence, Defendants require Appraisers and Review Appraisers to follow detailed steps and retrieve or verify required data for each appraisal and review report they produce. Appraisers and Review Appraisers are required to use specific forms to complete appraisal and review reports. Defendants tell Appraisers and Review Appraisers which forms to use. Guided by extensive internal policies and numerous regulations, Appraisers produce template reports using information dictated by the company and vendors, using data obtained during on-site visits and electronic databases. Similarly, Defendants required Review Appraisers to follow detailed steps in reviewing appraisals and producing review appraisal reports.

20.     Defendants subject Appraisers to production quotas and "performance goals." Every month, Appraisers have to complete a minimum number of appraisal reports or meet a minimum number of appraisal "billings." Appraisers must produce each appraisal report under Defendants', customers', and regulatory pre-established guidelines, within a set period of time ("turn time") and by a set due date for each appraisal. Defendants train Appraisers to apply these guidelines and procedures. They are required to fill in the boxes of appraisal forms, using data obtained in on-site visits and obtained from electronic databases made available by the company. The forms they fill out are dictated by Defendants.

21.     Plaintiff and the putative class and collective action members are not exempt based on the administrative employee exemption because their primary job duties do not include work directly related to the management or general business operations of

---

[1] Though Defendants no longer employ Plaintiff Moret and other putative class and collective action members, the pleadings will proceed in the present tense.

CLASS AND COLLECTIVE ACTION COMPLAINT

Defendants or Defendants' customers, the exercise of discretion and independent judgment with respect to matters of significance, nor the setting of any policies for Defendants. Appraisers and Review Appraisers are production workers who produce appraisals and/or appraisal reviews as part of Defendants' real estate valuation and appraisal business.

22.    Even in the churning of reports, dozens each month, Appraisers lack significant discretion over appraisal values they assign. Regulatory and industry standards dictate appraisal methods. Defendants review the appraisal reports to ensure the reports meet Defendants' guidelines. Plaintiff and Appraisers must have their reports reviewed by Review Appraisers. Then Appraisers and Review Appraisers must have appraisal and review reports approved by Defendants' managers, who supervise the FLSA Collective. Defendants' managers are able to suspend appraisals and/or return reports to Appraisers and/or Review Appraisers for corrections or modifications.

23.    Plaintiff and the putative class and collective action members are not, and were not, exempt based on the executive employee exemption because their job duties do not include managing Defendants' business, a department within Defendants' business, or a subdivision thereof. Further, Plaintiff and the putative class and collective action members do not direct the work of two or more other full-time employees or their equivalent. In addition, Appraisers and Review Appraisers do not have any hiring or firing authority over other employees.

24.    Plaintiff and the putative class and collective action members are not exempt based on the learned professional exemption because their job duties do not require advanced knowledge in a recognized field of science or learning. They learn their skills on the job, largely, through thousands of hours of practice. Appraisers and Review Appraisers have no advanced degree in appraising, or prolonged course of instruction - just several weeks of classes that can be taken online.

25.    Plaintiff and the putative class and collective action members are not exempt based on the outside sales exemption because their job duties do not include making sales

CLASS AND COLLECTIVE ACTION COMPLAINT

or obtaining orders. They generate no new loan business for Defendants. Rather, they appraise properties assigned to them, assisting in producing Defendants' products, sold by others.

26.    Appraisers and Review Appraisers are not employed as commission employees by retail establishments who are exempt from overtime under Section 7(i) of the FLSA.

27.    Review Appraisers are glorified proofreaders who must apply prescribed guidelines and procedures to check that appraisal reports follow Defendants' and regulatory established protocol.

28.    Defendants measure the performance of Appraisers and Review Appraisers by assessing their productivity and their adherence to Defendants' production or review quotas and other pre-established guidelines and procedures. If an Appraiser or Review Appraiser fails to meet Defendants' deadlines and/or production goals, he or she can face discipline up to and including termination. For example, Defendants terminated Plaintiff for failing to meet his production goals.

29.    To meet Defendants' quotas, and because Appraisers' and Review Appraisers' compensation is based on the number of appraisals and/or appraisal reviews they complete, Appraisers and Review Appraisers frequently are required to work far in excess of forty hours per week. Plaintiff regularly worked between 48 and 60 hours per week, and worked on weekend days, as well as during vacation days, to meet Defendants' deadlines.

30.    Upon information and belief, Defendants misclassified Appraisers and Review Appraisers as "exempt" from federal and state overtime laws prior to early 2015. Defendants misrepresented to these employees that they were "exempt" and not entitled to overtime pay for hours worked in excess of forty a week.

31.    On information and belief, Defendants were on notice that Appraisers and Review Appraisers were misclassified, and that Appraisers and Review Appraisers were

CLASS AND COLLECTIVE ACTION COMPLAINT

working overtime hours, but did not pay them for their overtime hours. Plaintiff and others discussed their long hours with their managers, and their managers acknowledged that the jobs required more than forty hours of work per week. In fact, during a monthly team conference call, Plaintiff's regional manager explicitly told the Appraisers in his region that the job was not a "40-hour job."

32.    Plaintiff and his co-workers, the other Appraisers and Review Appraisers, were never provided meal periods and never had rest periods made available, when they were exempt, and in practice, as a consequence, frequently missed them, but were not paid premiums required by California law.

33.    On information and belief, when Defendants reclassified Appraisers and Review Appraisers to non-exempt status in 2015, Defendants did not materially change Appraisers and Review Appraisers' quotas, turn-times, and other job expectations. Thus, in order to complete their production goals Appraisers and Review Appraisers continued to work significant overtime and to miss meal and rest periods due to the pressure of work. Although Defendants changed from paying Appraisers' and Review Appraisers' salaries to hourly wages, Defendants continued their practice of failing to pay overtime compensation to Appraisers for all hours worked, and still did not pay meal or rest period premiums.

34.    On information and belief, after Defendants reclassified Appraisers to non-exempt status in early 2015, Defendant informed Appraisers that they should not report overtime unless they are meeting or exceeding their minimum production quota or billings. At the same time, Defendants did not change Appraisers' production and turn-time requirements. Defendants' policy and practice of inhibiting employees from reporting overtime, in conjunction with its policy of requiring employees to complete their production and turn-time requirements which require long hours to complete, creates an atmosphere where working off-the-clock is practically mandatory. Plaintiff continued to work between 48 and 60 hours per week. On one of the few occasions in which Plaintiff

CLASS AND COLLECTIVE ACTION COMPLAINT

reported overtime, his supervisor called him and interrogated him about his request, and reminded him that he should not report overtime unless he was meeting or exceeding his production goals.

35.    Upon information and belief, Defendants knew that while Appraisers were misclassified as exempt, Appraisers and Review Appraisers were working unreported overtime hours. Managers and supervisors could see when Appraisers and Review Appraisers were submitting reports and updating databases. On information and belief, supervisors and managers also sent and received emails and made phone calls to Appraisers and Review Appraisers in the late evenings. Yet, these same supervisors and managers saw no or almost no reported overtime in the timesheets they approved.

36.    Plaintiff frequently missed meal and rest periods when he was classified as non-exempt but received no meal or rest period premiums. Appraisers are unable to take duty-free meal and rest periods because of the press of work. Upon information and belief, Defendants rarely if ever pay missed meal and rest period premiums.

37.    Upon information and belief, Defendants suffer and permit Plaintiffs and the FLSA Collective to work more than forty hours per week without appropriate overtime compensation.

38.    Upon information and belief, Defendants knew that Appraisers performed work requiring overtime pay. Defendants operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

39.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

40.    On information and belief, Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative class and collective action members. Defendants knew or should have known that similar production employees, mortgage loan underwriters, were found non-

CLASS AND COLLECTIVE ACTION COMPLAINT

exempt as a matter of law in 2009, but did not reclassify Appraisers and Review Appraisers, on information and belief, until 2015.

41.    Defendants are liable under the FLSA for improperly compensating Plaintiff and the FLSA Collective, so the FLSA Collective should receive notice.  Defendants denied overtime pay in violation of the FLSA to numerous similarly situated current and former employees. These employees would benefit from receiving a Court-supervised notice of the present lawsuit and the opportunity to join.  Defendants know which employees are similarly situated and can identify them through its records.

## V.    CALIFORNIA CLASS ALLEGATIONS

42.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

43.    Plaintiff brings this action as a class action under FRCP 23 on behalf of the following defined class:

**Proposed California Class:** All persons whom Defendants employed as Appraisers, including persons employed as Residential Appraiser, and other employees performing the same or similar job duties for Defendants, and all persons employed as Review Appraiser and other employees performing the same or similar job duties for Defendants, within the State of California at any time from four years prior to this Complaint's filing to the final disposition of this case.

44.    Plaintiff Moret brings this action as a class action under FRCP 23 on behalf of the following defined subclasses:

**Proposed California Waiting Time Penalties Subclass:** All California Class members whom Defendants no longer employ and have not employed for more than seventy-two hours through the date of this action's final disposition.

**Proposed California Itemized Wage Statement Subclass:** All California Class members whom Defendants currently employ or did employ at some point within the year preceding the date of this action's final disposition.

CLASS AND COLLECTIVE ACTION COMPLAINT

**Proposed BPC 17200 Exemption Challenge Subclass:** All California Class members who were classified by Defendants as exempt from overtime, for the period during which they were classified as exempt (upon information and belief, largely Appraisers and Review Appraisers employed in California up to 2015).

45.    Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

46.    <u>Numerosity</u>: The Proposed California Class and the Proposed California Subclasses are so numerous that joinder of all members is impracticable. Plaintiff is informed, believes, and thereon alleges that during the relevant time period, Defendants employed at least several dozen people who are geographically dispersed and who satisfy the definition of the Proposed California Class and the Proposed California Subclasses.

47.    <u>Typicality</u>: Plaintiff's claims are typical of the Proposed California Class's members. Plaintiff is informed and believes that Appraisers routinely worked more than eight hours per day, more than forty hours per week, and seven days in a row during the Class Period. Plaintiff had the same duties and responsibilities as other Class members and was subject to Defendants' policy and practice of improperly treating and classifying Appraisers as "exempt" from state overtime law until January 2015, misrepresenting to Appraisers that they were exempt from state overtime law, and after reclassification, failing to pay appropriate overtime compensation for all hours worked, failing to provide or authorize meal and rest breaks in compliance with state laws, failing to pay meal and rest break premiums, and not maintaining accurate time records of hours worked by the Proposed California Class.

48.    Plaintiff is typical of the California Waiting Time Penalties Subclass because Defendants employed him within three years prior to the filing of this suit, and he, like other members of the Subclass, did not receive all wages due within the time specified by state law, which now entitles him to penalties.

CLASS AND COLLECTIVE ACTION COMPLAINT

49.    Plaintiff is typical of the California Itemized Wage Statement Subclass because Defendants employed him within one year prior to the filing of this suit, and Defendants did not issue him accurate itemized wage statements, which now entitles him to penalties.

50.    Plaintiff is typical of the BPC 17200 Exemption Challenge Subclass because he was classified by Defendants as exempt from overtime up to 2015.

51.    <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy because many individual plaintiffs likely lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants and fear retaliation and "blackballing" in their industry. Prosecuting dozens of identical individual lawsuits statewide also does not promote judicial efficiency, equity, or consistency in judicial results.

52.    <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Proposed California Class. He has no conflicts with the Proposed California Class's interests, and he has retained counsel experienced in complex wage and hour class and collective action litigation.

53.    <u>Commonality</u>: Common questions of law and fact exist as to all members of the Proposed California Class and predominate over any questions solely affecting individual members of the Proposed California Class, including but not limited to:

    A.    Whether Defendants fail to pay California Class members overtime wages for time worked in excess of forty hours per week and/or eight hours per day;

    B.    Whether Defendants maintained a policy or practice that made working off the clock essentially mandatory;

    C.    Whether Defendants violated § 510 of the California Labor Code and IWC Wage Order No. 4, § 3, by failing to pay California Class members overtime compensation;

CLASS AND COLLECTIVE ACTION COMPLAINT

D.   Whether Defendants' failure to pay overtime compensation to California Class members constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code §§ 17200, *et seq.*;

E.   Whether Defendants violate California Labor Code § 226.7 and IWC Wage Order No. 4-2001 by failing to provide, authorize, and/or permit rest periods;

F.   Whether Defendants unlawfully fail to pay premiums for missed meal periods in violation of state wage laws;

G.   Whether Defendants unlawfully fail to pay premiums for missed rest breaks in violation of state wage laws;

H.   Whether Defendants' failure to provide, authorize, and/or permit adequate rest periods, and failure to pay rest period premiums for missed rest periods constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code §§ 17200 *et seq.*;

I.   Whether Defendant violate California Labor Code §§ 226.7 and 512 as well as IWC Wage Order No. 4-2001 by failing to provide, authorize, and/or permit meal periods;

J.   Whether Defendants' failure to provide, authorize, and/or permit adequate meal periods, and failure to pay meal period premiums for missed meal periods constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code §§ 17200 *et seq.*;

K.   Whether Defendants fail to keep accurate time records for all hours worked by the Plaintiff and California Class members in violation of state wage laws;

CLASS AND COLLECTIVE ACTION COMPLAINT

L.    Whether Defendants' actions are willful; and

M.    The proper measure of damages sustained by California Class members.

54.    Common questions of law and fact exist as to all members of the Proposed California Waiting Time Penalties Subclass and predominate over any questions solely affecting individual members of that Subclass, including but not limited to:

Whether Defendants' policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates the law and warrants waiting time penalties under Cal. Labor Code §§ 201, 202, 203, and 204.

55.    Common questions of law and fact exist as to all members of the Proposed California Class Itemized Wage Statement Subclass and predominate over any questions solely affecting individual members of that Subclass, including but not limited to:

A.    Whether Defendants provided adequate itemized wage statements to Plaintiff and the California Class under applicable state wage laws.

B.    Whether Defendants knowingly and intentionally violate California Labor Code § 226(a) by failing to furnish California Class members with accurate, itemized wage statements at the time of payment of their wages showing their total hours worked;

C.    Whether Defendants knowingly and intentionally violate California Labor Code § 226(a) by failing to furnish California Class members with accurate, itemized wage statements at the time of payment of their wages showing their proper rates of pay; and

D.    Whether Defendants knowingly and intentionally violate California Labor Code § 226(a) by failing to furnish California Class members with accurate, itemized wage statements at the time of payment of their wages showing payment for missed and/or on-duty meal and/or rest

CLASS AND COLLECTIVE ACTION COMPLAINT

periods among wages earned throughout the California Class Period.

56.    Common questions of law and fact exist as to all members of the Proposed BPC 17200 Exemption Challenge Subclass and predominate over any questions solely affecting individual members of that Subclass, including but not limited to:

A.    Whether Defendants improperly classified Plaintiff and subclass members as exempt through early 2015;

B.    Whether Plaintiff and subclass members are primarily production workers, so not administratively exempt;

C.    Whether Plaintiff and subclass members' work producing Appraisal and Review Appraisal reports involves work directly related to the management or general business operations of Defendants or Defendants' customers;

D.    Whether Plaintiff and subclass members' work producing Appraisal and Review Appraisal reports involves the exercise of discretion and independent judgment with respect to matters of significance;

E.    Whether becoming an Appraiser or Review Appraiser requires a prolonged course of intellectual study in a recognized field of science or learning;

F.    Whether Appraisers or Review Appraisers are salespersons; and

G.    Whether Appraisers or Review Appraisers are supervisors or managers of subordinates.

57.    Class certification is also appropriate under FRCP 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Adjudication of each individual member's claim as a separate action would also be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

CLASS AND COLLECTIVE ACTION COMPLAINT

58.     Class certification is also appropriate under FRCP 23(b)(3) because questions of law and fact common to the Proposed California Class (and each of the Proposed California Subclasses) predominate over any questions affecting only individual members of the Proposed California Class (and Subclasses), and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed California Class members the overtime pay that state and federal law entitles them to. The damages suffered by the individual Proposed California Class members are small compared to the expense and burden of individual prosecution of this litigation. Proposed California Class members fear workplace retaliation and being "blackballed" from obtaining future employment in the appraisal industry. In addition, class certification is superior because it will obviate the need for duplicative litigation that might result in inconsistent judgments about Defendants' practices.

59.     Plaintiff intends to send notice to all members of the Proposed California Class as required by FRCP 23. Proposed California Class members' names and addresses are available from Defendants.

## FIRST CLAIM FOR RELIEF

### Failure to Pay Overtime Compensation in Violation of the FLSA

### (On Behalf of Plaintiff and the FLSA Collective)

60.     Plaintiff, on behalf of himself and the FLSA Collective, allege and incorporate by reference the allegations in the preceding paragraphs.

61.     Plaintiff consents in writing to be a party to this action under 29 U.S.C. § 216(b). Plaintiff's written consent form is attached as Exhibits A. Plaintiff anticipates other individuals will sign consent forms and join as Plaintiffs.

62.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed

and continue to employ employees, including Plaintiff and the FLSA Collective. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.

63.    The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

64.    During their employment with Defendants, within the applicable statute of limitations, Plaintiff and the other FLSA Collective members worked in excess of forty hours per workweek. Despite the hours worked by Plaintiff and the FLSA Collective members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all hours worked in excess of forty.

65.    By failing to accurately record, report, and preserve records of hours worked by Plaintiff and the FLSA Collective, Defendants has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

66.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

67.    Plaintiff, on behalf of himself and the FLSA Collective, seeks damages in the amount of his unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, interests and costs as allowed under 29 U.S.C. §§ 216(b) and 255(a), and any other legal and equitable relief the Court finds just and proper.

68.    Plaintiff, on behalf of himself and the Collective Class, seek recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

CLASS AND COLLECTIVE ACTION COMPLAINT

## **SECOND CLAIM FOR RELIEF**

### **Failure to Pay Overtime Compensation in Violation of California Law**
### **(On Behalf of Plaintiff and the California Class)**

69.    Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

70.    At all relevant times, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 required employers, like Defendants, to pay overtime premiums for hours worked in excess of eight in a given workday, forty in a given workweek, or on the seventh day worked in a single workweek. Under California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC") or under conditions prohibited by the applicable IWC Wage Orders.

71.    Plaintiff is informed, believes, and thereon alleges that members of the Class worked in excess of eight hours per day and in excess of forty hours per week, and Defendants unlawfully failed to pay members of the Class the required overtime compensation in violation of IWC Wage Order 4 (8 C.C.R. § 11040) and California Labor Code §§ 510 and 1198.

72.    Pursuant to California Labor Code § 1194, Plaintiff and the other Class members are entitled to recover their unpaid overtime compensation, attorneys' fees, and costs.

73.    As a direct and proximate result of Defendants' alleged unlawful conduct, Plaintiff and the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount Plaintiff will establish at trial, plus damages, interest, attorneys' fees, and costs.

## **THIRD CLAIM FOR RELIEF**

### **Failure to Provide Accurate Itemized Wage Statements**

### **(On Behalf of Plaintiff and the California Itemized Wage Statement Subclass)**

74.    Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

75.    Under California Labor Code § 226(a), an employer, at the time of each payment of wages, must provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

76.    Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, among other things, the number of hours worked to Plaintiff and the California Itemized Wage Statement Subclass in accordance with Labor Code § 226(a). This failure injured Plaintiff and Subclass members by, among other things, impeding them from knowing their total hours worked and the amount of wages to which they were entitled. Plaintiff and Subclass members are therefore entitled to damages and penalties under Labor Code § 226(e). Code of Civil Procedure § 1021.5 also entitles Plaintiff and Subclass members to attorneys' fees and costs. And Labor Code § 226(g) entitles Plaintiff and Subclass members to seek injunctive relief requiring Defendants to comply with Labor Code § 226(a).

CLASS AND COLLECTIVE ACTION COMPLAINT

## **FOURTH CLAIM FOR RELIEF**

### **Failure to Provide Rest Breaks and Meal Periods**

### **(On Behalf of Plaintiff and the California Class)**

77.   Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

78.   California Labor Code § 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than thirty minutes, or for a work period of more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.

Section 11 of Wage Order No. 4 provides (and at all relevant times provided):

No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

Section 12 of Wage Order No. 4 provides (and at all relevant times provided):

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction

CLASS AND COLLECTIVE ACTION COMPLAINT

thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

79.    California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC Wage Order and provides that an employer that fails to provide an employee with a required rest break or meal period must pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

80.    Defendants failed to provide Plaintiff and California Class members with meal periods as required by law and failed to authorize and permit the Plaintiff and California Class members to take rest periods as required by law.

81.    Plaintiff and California Class members are therefore entitled to payment of the meal and rest period premiums as provided by law. Code of Civil Procedure § 1021.5 entitles Plaintiff and the California Class to attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF

### Failure to Compensate for All Hours Worked

### (On Behalf of Plaintiff and the Proposed California Class)

82.    Plaintiff, on behalf of himself and the Proposed California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

83.    Upon information and belief, Defendants' policies or practices caused Plaintiff and the Proposed California Class to work off-the-clock, without being compensated.

CLASS AND COLLECTIVE ACTION COMPLAINT

84.    The California Labor Code, including but not limited to § 223, and IWC Wage Order No. 4, require employers to pay employees for all hours worked.

85.    Plaintiff also seeks attorneys' fees and costs under California Labor Code § 1194 and Code of Civil Procedure § 1021.5.

### SIXTH CLAIM FOR RELIEF

**Late Pay and Waiting Time Penalties**

**(On Behalf of Plaintiff and the California Waiting Time Penalties Subclass)**

86.    Plaintiff, on behalf of himself and the California Waiting Time Penalties Subclass, alleges and incorporates by reference the allegations in the preceding paragraphs.

87.    California Labor Code §§ 201 and 202 require employers to pay employees all wages due within the time specified by law. Under Labor Code § 203, an employer that willfully fails to pay these wages must continue to pay employees' wages until the employer pays the back wages in full or an action is commenced, up to a maximum of thirty days of wages.

88.    Defendants owes unpaid compensation to Plaintiff and Class Members who ceased employment with Defendants, but Defendants has not paid this compensation.

89.    More than thirty days have passed since Plaintiff and Subclass members left Defendants' employ.

90.    Defendants willfully failed to pay Plaintiff and Subclass members any overtime or any meal or rest period premiums.

91.    As a consequence of Defendants' willful failure to timely compensate Plaintiff and Subclass members for all hours worked, Labor Code § 203 entitles Plaintiff and Class Members whose employment ended during the Class Period to thirty days' wages with interest plus attorneys' fees and costs.

CLASS AND COLLECTIVE ACTION COMPLAINT

## SEVENTH CLAIM FOR RELIEF

### Unfair Practice under the Unfair Competition Act

### (On Behalf of Plaintiff and the California Class and BPC 17200 Exemption Challenge Subclass)

92.    Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

93.    Section 17200 of the California Business and Professions Code – California's Unfair Competition Law – prohibits unfair competition by prohibiting unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of § 17200 et seq.

94.    Business and Professions Code § 17200 et seq. entitles Plaintiff and the California Class members to: restitution of the overtime earnings and other unpaid wages and premiums alleged in this Complaint that Defendants has improperly withheld and retained during a period that commences four years prior to the filing of this action; a permanent injunction requiring Defendants to pay overtime and meal and rest premiums to all workers as defined in this Complaint; in California, an award of attorneys' fees under Code of Civil Procedure § 1021.5, and other applicable law; and costs.

## PRAYER FOR RELIEF

89.    WHEREFORE, Plaintiff, on behalf of himself and all members of the FLSA Collective and California Class and Subclasses, prays for relief as follows:

     A.    That the Court determine this action may proceed as a class action under FRCP 23(b)(1) and (3);

     B.    That the Court determine that Defendants misclassified Appraisers and Review Appraisers as exempt when they were classified as exempt;

     C.    That the Court finds Defendants violated the overtime, meal and rest period, itemized wage statement and time records, failure to reimburse, and failure to timely pay wages penalty provisions of the California

CLASS AND COLLECTIVE ACTION COMPLAINT

wage laws cited above as to the California Class;

D. That the Court finds Defendants violated the overtime provisions of the FLSA as to Plaintiff and the FLSA Collective;

E. That the Court finds Defendants violated the FLSA by failing to maintain accurate time records of all hours worked by Plaintiff and the FLSA Collective;

F. That the Court finds Defendants' violations as described above to be willful;

G. An award to Plaintiff and the California Class and FLSA Collective for the amount of unpaid wages owed, liquidated damages, and penalties where provided by state and federal law, plus interest, subject to proof at trial;

H. That the Court award waiting time penalties under California Labor Code § 203;

I. That the Court order and enjoin Defendants to pay restitution to Plaintiff and the California Class due to Defendants' unlawful activities, under California state law cited above;

J. That the Court further enjoin Defendants to cease and desist from unlawful activities in violation of state laws cited above;

K. That the Court grant declaratory relief stating Defendants' scheme is unlawful;

L. For an award of reasonable attorneys' fees and costs under 29 U.S.C. § 216, California Labor Code §§ 218.5 and 1194, California Code of Civil Procedure §1021.5, and other applicable state laws; and

M. For any other relief, in law or equity, this Court finds appropriate and just.

CLASS AND COLLECTIVE ACTION COMPLAINT

DATED: August 1, 2018

**BRYAN SCHWARTZ LAW**
**DESAI LAW FIRM, P.C.**


By: _/s/ Bryan J. Schwartz_
Bryan J. Schwartz (SBN 209903)
Rachel M. Terp (SBN 290666)
DeCarol A. Davis (SBN 316849)

Aashish Y. Desai (SBN 187394)
Adrianne De Castro (SBN 238930)

*Attorneys for Plaintiff and Putative Class*
*and Collective Action Members*

27

CLASS AND COLLECTIVE ACTION COMPLAINT