JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MORET, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. BANCORP, U.S. BANK, N.A., AND RED SKY RISK SERVICES, LLC, and DOES 1-10, inclusive<br><br>Defendants. | Case No.: 5:18-cv-01612-AB-SP<br><br>[~~PROPOSED~~] **ORDER GRANTING APPROVAL OF SETTLEMENT AGREEMENT AND CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE ACTION FOR SETTLEMENT PURPOSES, AND PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES** |

**ORDER AND JUDGMENT**

This matter came before the Court on September 13, 2019 for a hearing on the Motion for Approval of Settlement Agreement and Conditional Certification of FLSA Collective Action for Settlement Purposes, and Plaintiff's Request for Attorneys' Fees.

The parties having entered into a FLSA Collective Action Settlement, attached as **Exhibit A,** to the Declaration of Aashish Desai, which if approved would resolve this FLSA Collective Action and dismiss the Rule 23 Class claims.

Upon review and consideration of the motion papers and the Settlement Agreement and the exhibits thereto, including the proposed form of Notice to the FLSA Collective ("Notice"), the Court finds that there is sufficient basis for (1) granting approval of FLSA Collective Settlement Agreement; (2) conditionally certifying the FLSA class for settlement purposes only; (3) dismissing the Rule 23 Class claims for lack of numerosity; (4) appointing Desai Law Firm and Bryan Schwartz Law as FLSA Collective Action Counsel and appointing Pedro Moret as the FLSA Collective Action representative; (5) approving the Parties' proposed form and method of notice to the FLSA Collective of the settlement; (6) approving the Parties' proposed Notice and the procedures set forth in the Settlement for individuals to opt-in to the settlement, and directing that notice be disseminated to the FLSA Collective Class pursuant to the terms of the Settlement; (7) staying all non-settlement related proceedings in this case; and (8) approving Plaintiffs' Counsel's application for attorneys' fees and costs, and Plaintiff Moret's, Opt-In Plaintiffs', and Steven Michaels's service awards.

IT IS HEREBY ORDERED, ADJUDGE, AND DECREED THAT:

1. This Action is conditionally certified under the FLSA for purposes of the settlement pursuant to 29 U.S.C. § 216(b).

2. Plaintiffs' alleged California law class claims under Rule 23 of the Federal Rules of Civil Procedure are hereby dismissed with prejudice because there is not a sufficient number of Residential Appraisers and Review Appraisers to meet the numerosity requirements under Rule 23.

3. This Order hereby adopts and incorporates by reference the terms and conditions of the

FLSA Collective Action Settlement Agreement ("Settlement Agreement") together with the definitions and terms used and contained therein.

4. The Court finds that it has jurisdiction over the subject matter of the Action and over all parties to the action, including all members of the FLSA Collective.

5. The Notice Packet fully and accurately informs the FLSA Collective of all material elements of the proposed settlement; is the best notice practicable under the circumstances; is valid, due, and sufficient notice to the FLSA Collective; and complies fully with due process. The Notice fairly and adequately describes the settlement and provides the FLSA Collective with adequate instructions and a variety of means to obtain additional information.

6. The Court appoints the following attorneys as FLSA Collective Action Counsel:

BRYAN SCHWARTZ LAW
Bryan J. Schwartz (SBN 209903)
Email: bryan@bryanschwartzlaw.com
Rachel M. Terp (SBN 290666)
Email: rachel@bryanschwartzlaw.com
1330 Broadway, Suite 1630
Oakland, California 94612
Tel: (510) 444-9300
Fax: (510) 444-9301

DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Email: aashish@desai-law.com
Adrianne De Castro, Esq. (SBN 238930)
Email: adrianne@desai-law.com
3200 Bristol St., Suite 650
Costa Mesa, CA 92626
Telephone: (949) 614-5830
Facsimile: (949) 271-4190

7. The Court appoints Named Plaintiff Pedro Moret as FLSA Collective Action Representative.

8. The Court appoints CPT, Inc. to serve as settlement administrator to carry out all duties and responsibilities of the Claims Administrator as specified in the Settlement Agreement.

9. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In

particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by Plaintiffs' counsel; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

10.  In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of counsel. The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

11.  Accordingly, the Court hereby approves the settlement as set forth in the Settlement Agreement and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire FLSA Collective and hereby directs implementation of all remaining terms, conditions, and provisions of the Settlement Agreement. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided by the settlement in light of the challenges posed by continued litigation, the Court concludes that the Settlement provides the FLSA Collective with fair and adequate relief.

12.  For purposes of this Order and Judgment, the conditionally certified classes are defined as follows:

**"California Individuals":** all individuals who were employed by Red Sky as Residential Appraisers or Review Appraisers in California at any time from August 1, 2014 until the date the Court enters the order approving the settlement; and

**"Non-California Individuals":** all individuals who were employed as Residential Appraisers or Review Appraisers employed by Red Sky in any state other than California at any time from April

3.       Case No.: 5:18-cv-01612-AB-SP

30, 2016 to the date that the Court enters the order approving the settlement.

13. The Court hereby awards Service Payments as follows: $7,500 to the Named Plaintiff Pedro Moret, and $2,500 each to the four Opt-In Plaintiffs, and Steven Michaels.

14. The Court hereby awards attorneys' fees totaling $183,333.33 and litigation costs and expenses totaling $9,622.96 to Plaintiffs' Counsel.  The Court finds that the requested award is reasonable.  Plaintiffs' Counsel has also established the reasonableness of the requested award of attorneys' fees via its lodestar crosscheck, and the Court finds that the hourly rates are reasonable and consistent with the prevailing market rates of the community for comparable work.

15. The Court approves claims administration expenses in an amount up to $8,000.

16. The Settlement terms shall be effected pursuant to the implementation schedule set forth in the Settlement Agreement, and no payments pursuant to the Settlement shall be distributed until after the Effective Date.

17. All FLSA Collective Members were given a full and fair opportunity to exclude themselves from the Settlement.  Accordingly, the terms of the Settlement Agreement and of the Court's Order shall be forever binding on all those individuals who opt-in to the Settlement by cashing their check.  These FLSA Collective Members have released and forever discharged Defendants and the Released Parties for any and all Released Claims as set forth in the Settlement Agreement.

18. Without affecting the finality of this Order and Judgment, the Court retains jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

19. The Court hereby enters final Judgment in this case in accordance with the terms of the Settlement.

20. The Parties are hereby ordered to comply with the terms of the Settlement.

21. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement and this Final Approval Order and Judgment.

22. This document shall constitute a judgment for purposes of Federal Rule of Procedure

54.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: September 16, 2019

_____
Hon. André Birotte Jr.
United State District Court

5.        Case No.: 5:18-cv-01612-AB-SP

ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND CONDITIONAL CERT OF FLSA COLLECTIVE ACTION